IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HARDEN, Biological Father of H.M.H, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, AMBER RENE SABIN, Biological Mother of H.M.H.; JAMES WALTER CRAMPTON, in his Official and Unofficial Capacity; BARBARA PROKUPEK, Cass County Clerk of the Court, in her Official and Unofficial Capacity; FEDERAL BUREAU OF INVESTIGATIONS, (Omaha Branch) in it's Official Capacity; JEREMY SEAVEY, SHARON MCGEE, JUDGE MICHAEL SMITH, in his Official and Unofficial Capacity; and ANY AND ALL UNKNOWN PERSONS, in their Official and Unofficial Capacities, <br><br> Defendants. | 8:21CV307 <br><br><br> MEMORANDUM AND ORDER |

      The Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing 5) in this case was denied because Plaintiff is subject to the Prison Litigation Reform Act's "three-strikes" provision. (Filing 7.) Accordingly, a filing fee was paid on behalf of Plaintiff on August 30, 2021, but the amount paid was $450.00, which is an overpayment of $48.00. The Clerk of Court moved the $48.00 overpayment to one of Plaintiff's previous pro se cases that had an outstanding balance, *Harden v. Harden*, No. 8:07CV68 (D. Neb.). After Plaintiff objected to this procedure, the Clerk of Court sent Plaintiff a letter describing the transfer (Filing 8) and the balance

sheets for this case and *Harden v. Harden* to show the amounts owed in each case (Filing 34 in 8:07CV68).

Plaintiff has now filed a Motion for Release of Funds requesting the return of the overpayment and claiming that the Clerk of Court had no right to transfer the overpayment to "cases that are over 6 years old and closed." (Filing 9 at CM/ECF p. 1.) It is clear that Plaintiff owes the full amount of the unpaid filing fees in both cases, even after the cases are closed, under 28 U.S.C. 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee") and *In re Tyler*, 110 F.3d 528, 529-530 (8th Cir. 1997) ("Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Therefore, Plaintiff's Motion will be denied.

IT IS ORDERED that Plaintiff's Motion for Release of Funds (Filing 9) is denied.

DATED this 24th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

2