IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HARDEN, Biological Father of H.M.H; <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA; AMBER RENE SABIN, Biological Mother of H.M.H.; JAMES WALTER CRAMPTON, in his Official and Unofficial Capacity; BARBARA PROKUPEK, Cass County Clerk of the Court, in her Official and Unofficial Capacity;  FEDERAL BUREAU OF INVESTIGATIONS, (Omaha Branch) in its Official Capacity; JEREMY SEAVEY; SHARON MCGEE; JUDGE MICHAEL SMITH, in his Official and Unofficial Capacity; and  ANY AND ALL UNKNOWN PERSONS, in their Official and Unofficial Capacities, <br><br> Defendants. | 8:21CV307 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, has filed a pro se Complaint (Filing1) which must be reviewed by the court to determine whether the case may proceed to service of process or should be summarily dismissed.

I. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or

1

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he does not have visitation rights with his daughter. The court takes judicial notice that on January 8, 2021, Plaintiff filed a motion in the County Court of Cass County, Nebraska, Case No. CI 05-535, to modify his divorce decree to provide visitation rights. The motion was denied on July 28, 2021, and an appeal is currently pending before the Nebraska Court of Appeals.[1] Plaintiff requests

---

[1] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757,

that the defendants be held "criminally accountable" for their actions. This is not an available remedy,[2] but the court will analyze Plaintiff's Complaint to determine whether it states a claim upon which some other form of relief may be granted.

### III.  DISCUSSION

Plaintiff states this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only state actors named as defendants are a county judge and a county court clerk. Plaintiff also names the State of Nebraska as a defendant, but it is not amenable to suit under section 1983. A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983).

In addition, the Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Individual county court judges and county court clerks are also shielded by Eleventh Amendment immunity when sued in their official capacities. *See Robinson v. Lancaster Cty. Court*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019); Neb. Rev. Stat. §§ 24-501 *et seq.*

---

761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

[2] *See Richter v. Sprint/VMUSA*, No. 8:19CV223, 2019 WL 3859796, at *3 (D. Neb. Aug. 16, 2019) ("Plaintiff does not have a right to compel a criminal investigation or prosecution.").

Even when sued in his or her individual capacity, a judge is immune from suit, including suits brought under § 1983, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, Plaintiff alleges that the judge "has shown bias and unprofessional behavior and unprovoked animosity towards [Plaintiff] without due cause, has continued to deny [Plaintiff] his Parental Rights, refuses to enforce said Parental Rights, retaliated due to legitimate [sic] complaint filed against him by dismissing [Plaintiff's] Motion to Modify the Divorce Decree denying his visitation rights." (Filing 1 at 5.) Judicial immunity clearly applies in this case.

Court clerks are absolutely immune for "discretionary" acts, which are those taken at a judge's direction or pursuant to court rule. *Geitz v. Overall*, 62 Fed. App'x 744, 2003 WL 1860542, at *1 (8th Cir. 2003) (unpublished) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (internal brackets, quotation, and citation omitted); see *Ayers v. Reynolds*, 60 F.3d 830 (Table) (8th Cir. 1995) (state court clerk entitled to absolute quasi-judicial immunity for her failure to timely file the state court judge's order in his state court petition for habeas corpus or to transmit the certified record to the state appellate court); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint for several months and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process");

4

*Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (state court clerk who allegedly lost court file entitled to absolute immunity). By contrast, court clerks do not enjoy immunity when exercising ministerial functions. *See Maness v. Dist. Ct. of Logan Cty.-N. Div.*, 495 F.3d 943, 945 (8th Cir. 2007) (citing *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436-37 (1993) (when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function; functional approach does not require that absolute immunity be extended to court personnel simply because they are "part of judicial function")).

Here, Plaintiff alleges the court clerk "intentionally lost a majority of [Plaintiff's] paperwork that was filed to get visitation rights enforced …, [which] "caused unnecessary stress and loss of Court time, …." (Filing 1 at 4.) Viewing the Complaint in the light most favorable to Plaintiff, the clerk's actions were arguably mistrial rather than discretionary. *See, e.g., Geitz*, 62 F. App'x at 746 (complaint stated claim for relief where plaintiff alleged that court clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries, and he did not allege that the clerks were acting pursuant to court rules or instructions). But Plaintiff does not allege that the clerk's action prevented him from presenting his motion to modify the divorce decree to the county court, or caused the motion to be denied. Thus, even if the clerk's action might be classified as ministerial rather than discretionary, there was no actual interference with Plaintiff's parental rights. *See, e.g., Maness*, 495 F.3d at 945 (court clerk's ministerial decision to not present prisoner's in forma pauperis application to state court did not violate prisoner's constitutional right of access to the court because he did not suffer an actual injury).

Other named defendants include Plaintiff's ex-wife and two of her relatives, who allegedly gave false testimony. "Private individuals who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts." *Blair v. Anderson*, No. 4:04CV3229, 2006 WL 2128010, at *2 (D. Neb. July 26, 2006). "[W]itnesses who testify at trial are not acting under color of state law." *Bennett v. Passic*, 545 F.2d 1260, 1264 (10th Cir. 1976). Plaintiff also sues his ex-wife's attorney, but a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). A

private actor may be liable under § 1983 only if he or she "is a willing participant in joint action with the State or its agents." *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (quoting *Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir. 1993)). A plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor. *Id.* Plaintiff's Complaint does not contain such an allegation.

Plaintiff also names the FBI as a defendant for allegedly paying witnesses to provide testimony. The FBI is a federal agency, which cannot be sued under § 1983. Nor can a *Bivens* action be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994).

Finally, Plaintiff sues "any and all unknown and unnamed participants" in the violation of his rights, but there are no factual allegations to support a claim against these unidentified defendants.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore is subject to preservice dismissal under 28 U.S.C.A. § 1915A. On the court's own motion, however, Plaintiff will be given 30 days in which to file an amended complaint that states an actionable claim for relief.

IT IS THEREORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 18, 2022—amended complaint due**.

5. Plaintiff's motion for a case status update (Filing 13) is granted to the extent stated above.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 20th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge