IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HARDEN, Biological Father of H.M.H; <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, AMBER RENE SABIN, Biological Mother of H.M.H.; JAMES WALTER CRAMPTON, in his Official and Unofficial Capacity; BARBARA PROKUPEK, Cass County Clerk of the Court, in her Official and Unofficial Capacity; FEDERAL BUREAU OF INVESTIGATIONS, (Omaha Branch) in it's Official Capacity; JEREMY SEAVEY, SHARON MCGEE, JUDGE MICHAEL SMITH, in his Official and Unofficial Capacity; and ANY AND ALL UNKNOWN PERSONS, in their Official and Unofficial Capacities, <br><br> Defendants. | 8:21CV307 <br><br><br> **MEMORANDUM AND ORDER** |

On January 20, 2022, the court completed its initial review of Plaintiff's pro se Complaint, finding that Plaintiff failed to state a claim upon which relief may be granted but granting him 30 days to file an amended complaint that states an actionable claim for relief. (Filing 14.) The court granted Plaintiff's Motion for Extension of Time to file an amended complaint to April 25, 2022, based on Plaintiff's alleged "limited access to legal . . . information." (Filing 16.) Plaintiff

failed to file an amended complaint by the April 25 deadline and instead filed a Motion to Appoint Counsel (Filing 17).

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not an overly complex case, either legally or factually. Plaintiff's pleading is coherent and shows he has command of the facts and a basic understanding of applicable law. This case is still at the pleading stage, so there has been no discovery and no need for testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Therefore, I will deny Plaintiff's Motion to Appoint Counsel and will grant Plaintiff additional time to file his amended complaint.

IT IS ORDERED:

1. Plaintiff's Motion to Appoint Counsel (Filing 17) is denied without prejudice.

2. Plaintiff shall file his amended complaint on or before June 1, 2022, in the absence of which this matter shall be dismissed without further notice.

3. No further extensions of time to file an amended complaint will be granted.

DATED this 2nd day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge